IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| VAN ALEXANDER JOHNSON, | : | |
| Plaintiff | : | |
| VS. | : | NO. 7:08-CV-97 (HL) |
| COFFEE COUNTY, GEORGIA; | : | |
| LOWNDES COUNTY, GEORGIA, | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| THOMAS COUNTY, GEORGIA, | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| Defendants | : | **ORDER** |

Plaintiff **VAN ALEXANDER JOHNSON**, a pre-trial detainee at the Thomas County Jail in Thomasville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated August 6, 2008 the Court granted his application to proceed *in forma pauperis* and ordered plaintiff to pay a initial partial filing fee. Plaintiff has paid the initial partial filing fee as ordered.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## III.  STATEMENT AND ANALYSIS OF CLAIMS

The Court first notes that in the heading of his complaint plaintiff has named Coffee County, Georgia; Lowndes County, Georgia; and Thomas County, Georgia as the only defendants. Local governments are liable under 42 U.S.C. § 1983 only when a plaintiff can show that the governmental body has a policy or custom of violating the constitutional rights

of individuals and that the policy or custom is the moving force behind the constitutional violation he alleges. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994). He must also show a direct causal link between the alleged policy and the constitutional deprivations. *City of Canton, Ohio v. Harris*, 489 U.S. 387 (1989). Plaintiff has not even alleged, much less shown, that any policy or custom on the part of these counties caused him any injuries. It appears that plaintiff seeks to hold the counties responsible on the basis of respondeat superior, which cannot support liability in a § 1983 action. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986).

Plaintiff has named several individual defendants in the body of his complaint. Specifically, plaintiff alleges that on September 6, 1999, while in Coffee County, he was arrested by Officers Spain and Underwood, along with other unnamed officers. According to plaintiff, he was grabbed by the neck, kicked in the face, kicked in the back, and sprayed (presumably with pepper spray). Plaintiff states that he sustained injuries to his neck, back, head, shoulder, and eyes.

Plaintiff states that following his arrest, his unnamed public defender stated that he would receive a sentence of five years on probation. However, according to plaintiff, he was sentenced to eight years on probation.

42 U.S.C. § 1983 has no statute of limitations of its own. Instead all § 1983 claims are governed by the state limitations statute governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the statute of limitations for personal injury

actions is two years. Ga. Code Ann. § 9-3-33.

"Federal law determines when the statute of limitations begins to run." ***Lovett v. Ray***, 327 F.3d 1181, 1182 (11th Cir. 2003). The statute begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonable regard for his rights'." ***Brown v. Georgia Bd. of Pardons and Paroles***, 335 F.3d 1259, 1261 (11th Cir. 2003)(quoting ***Rozar v. Mullis***, 85 F.3d 556, 561-62 (11th Cir. 1996)). The facts that would support plaintiff's cause of action for unnecessary force during his arrest should have been apparent to him in September 1999. Therefore, plaintiff had two years from that date to file his suit. However, plaintiff did not file the instant action until July 2008, which is well after the two year statute of limitations has run.

Also, to any extent that plaintiff seeks to hold his unnamed public defender liable in this action, it is well settled that criminal defense attorneys, either privately retained or appointed, do not act under color of state law and are, therefore, not liable under 42 U.S.C. § 1983. ***See Nelson v. Stratton***, 469 F.2d 1155 (5th Cir. 1972); ***O'Brien v. Colbath***, 465 F.2d 358 ( 5th Cir. 1972).[1]

Plaintiff states that in January 2008, he was sentenced to serve 120 days in the Thomasville Diversion Center. According to plaintiff, he did not have any work clothes and his family was unable to bring him any. Therefore, he requested a pass to go home and get some clothes. According to plaintiff an unnamed officer told him that he had been given a

---

[1] In ***Bonner v. City of Pritchard***, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

pass. Plaintiff left the diversion center, but was later told that he did not have a pass and he was being charged with escape. Plaintiff states that he is now being held on the escape charge at the Thomas County Jail, where officers and other inmates ridicule him. Plaintiff states that he has been "treated unfair by the officers and some inmates."

Plaintiff also alleges that "somewhere in between the year[s] of 1995 and 1997," he witnessed two officers beat a female inmate, who later died due to her injuries. Plaintiff states that he was told not to tell anyone or he would be placed in lockdown. Plaintiff maintains that he is currently being harassed because he "wrote down [his] statement" regarding what occurred.

Harassment, verbal abuse, and threats do not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the law. Therefore, these allegations do not set forth a claim that is actionable under § 1983. *See Stacey v. Ford*, 554 F. Supp. 8 (N. D. Ga. 1982).[2]

Plaintiff states that he was a "houseman" at the Thomas County Jail. However, according to plaintiff, Officer Ingram caused him to be "stripped of his duties as houseman" in July 2008. Plaintiff alleges that Officer Ingram is abusing her authority.

There is simply no constitutional right to any particular job while incarcerated. *See Adams v. James*, 797 F. Supp. 940 (M. D. Fla. 1992). Therefore, the fact that plaintiff lost his job or duties as houseman does not state a claim under 42 U.S.C. § 1983.

---

[2] Plaintiff states that many unexplained deaths occur at the Lowndes County Jail and that some guards beat inmates and then take them to "the hole or medical unit until they heal." These inmates will need to file 42 U.S.C. § 1983 actions for themselves. Plaintiff has no standing to litigate these claims on behalf of other unnamed inmates.

Finally, the Court notes that, even if plaintiff stated viable claims, it would be unable to grant plaintiff much of the relief he requests. Release from prison is not remedy that is available in a 42 U.S.C. § 1983 action. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). Also, the Court cannot give plaintiff a "lifetime [of] medical benefits for [his] whole family"; clear or expunge his entire criminal record; "award[] [him] a house and car of [his] choice"; clear all debt from his credit cards and offer him "unlimited credit"; make him a deputy or "Lowndes County D.E.A. agent"; or place plaintiff in the United States Army so that he might "serve [his] country."

Based on the above, the Court finds that plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 12th day of September, 2008.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb